CONCORD WATCH CO., INC. *v.* UNITED STATES (No. 4964) [1]

United States Court of Customs and Patent Appeals, February 11, 1959

*Lane, Young & Fox* (*William H. Fox* and *William Whynman* of counsel) for appellant.

*George Cochran Doub,* Assistant Attorney General, *Richard E. FitzGibbon,* Chief, Customs Section (*Richard H. Welsh,* trial attorney, of counsel), for the United States.

Before O'CONNELL, Acting Chief Judge, and WORLEY, RICH, and MARTIN, Associate Judges

[1] C. A. D. 703.

WORLEY, Judge, delivered the opinion of the court:

Appellant concedes that the issues and parties here are identical with those in two prior cases both decided adversely to appellant, *Concord Watch Co., Inc.* v. *United States*, 41 CCPA 13, C.A.D. 523; *Concord Watch Co., Inc.* v. *United States*, 43 CCPA 40, C.A.D. 606, the records of which have been incorporated in this appeal. Therein it was held that the term "cases" in paragraph 367(f) is so restricted by the wording of the statute as to exclude parts of cases for watches and clocks which do not have an enclosing function with respect to the movements. It was also held that such was the intent of Congress regardless of what "cases" means in the trade (43 CCPA at 43, 44). Appellant seeks to reverse those decisions on the ground that "the record has been clarified and amplified, and additional evidence has been supplied."

The issue is concisely set forth in the following excerpt from the opinion below (C.D. 1980):

* * * the issue herein, as in the former *Concord* cases, is whether the metallic stands or feet, bases, rings, and outer parts of frames of the various watches or clocks in the importations here in controversy should be regarded as integral or essential parts of the cases to which they are attached and, as such, treated as entireties and classified at the appropriate rates provided in paragraph 367, *supra*.

The court added that

* * * The courts having held that they are not necessary to the enclosure of the movements, it would seem that that question has been settled and laid at rest. * * *

We, too, would have thought the question had been laid at rest by virtue of the two *Concord* decisions, and the rule of *stare decisis* is clearly applicable here unless the new evidence shows positive error in those decisions. Appellant seeks to establish such error on the strength of numerous exhibits, the testimony of four witnesses and certain data relating to the legislative history of the involved statutes.

Of the four witnesses called, three had testified in the previous *Concord* cases. We think the Customs Court correctly evaluated their testimony in the following excerpt:

The most that can be said of the testimony of the witnesses introduced at the trial herein is that they attempted to place an interpretation upon the language of paragraph 367(f) different from that expressed by this court and by our appellate court in the *Concord* cases, supra.

The data relating to the legislative history of paragraph 367 consisted largely of confidential committee prints and committee reports from which it was argued that Congress intended that *any case* should be classified under paragraph 367(f) provided it is *designed or suitable for* the enclosure of articles described in paragraph 367(a). In its consideration of that contention the Customs Court traced in detail the

history of the statutes relating to watch movements, cases and clocks, from the tariff act of 1897 to the present act, before disposing of it in the following language:

It is significant that, for the first time, Congress took occasion to specifically define in paragraph 367(f) of the present act all cases, containers, or housings to be those "designed or suitable for the enclosure of any of the foregoing movements, mechanisms, devices, or instruments." The words "designed or suitable" for the enclosure of the articles mentioned have been defined and interpreted in the two previous *Concord* cases and that construction of the phrase would, therefore, seem to be *stare decisis*. Consequently, the further language of paragraph 367(f) "whether finished or unfinished, complete or incomplete," must find its appropriate application to such cases, containers, or housings as are "designed or suitable" for the purpose indicated and as interpreted by this and our appellate court in the two *Concord* cases.

We have reviewed the record and decision of the Customs Court in light of the nineteen assignments of error advanced by appellant, but fail to find support for them. The reasoning of appellant would require reversal of the *Concord* cases and would necessarily embrace what the Customs Court referred to, 34 Cust. Ct. 168, 173, as "the somewhat fantastic results which would flow from holding that the supporting members of a table watch are for tariff purposes parts of the watchcase rather than parts of the watch as an entity." We are convinced Congress intended no such results.

The decision of the Customs Court is *affirmed*.

O'CONNELL, Acting Chief Judge, was present at the argument of this case, but did not participate in the decision.